UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANA VARA, AMANDA WILSON, and NOEMY SANTIAGO *on behalf of themselves and all others similarly situated,*<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>ELISABETH DEVOS, *in her official capacity as Secretary of the United States Department of Education,*<br><br>AND<br><br>THE UNITED STATES DEPARTMENT OF EDUCATION,<br>　　　　　　　Defendants. | Civil Action No. 19-12175-LTS |
| COMMONWEALTH OF MASSACHUSETTS<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION and ELISABETH DEVOS, in Her official capacity as Secretary of Education,<br><br>　　　　　　　Defendants. | Civil Action No. 19-12177-LTS |

## DECLARATION OF DAVID MICHAEL PAGE

I, David Michael Page, state the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I make the following declaration based on personal knowledge and from reviewing official agency records to which I have access as part of my official duties with the United States Department of Education (the "Department").

2. I am presently an Attorney Advisor in the Borrower Defense Unit, stationed at Federal Student Aid ("FSA") headquarters in Washington, DC.

3. I joined the Department in 2016 and have held the position of Attorney Advisor since 2016.

4. As an Attorney Advisor, I have access to the document discussed in and attached to this declaration. I have personally reviewed the document discussed in this declaration. I am also familiar with the record keeping system for Borrower Defense claims and related documents at the Department.

5. I certify that the document attached to this declaration is a true and accurate copy of a document that is in the Borrower Defense Unit's records, to which I have access as part of my official duties.

6. Attached as Exhibit 1 to this declaration is a true and accurate copy of the Department's January 8, 2016, letter to the Massachusetts Attorney General's Office ("AGO").

7. On or about November 30, 2015, the Department received the individual borrower defense applications submitted by the AGO as Exhibit 3 to a submission dated November 30, 2015. Those applications were forwarded to the FSA personnel responsible for Borrower Defense intake, for adjudication in the regular course. I obtained this information by looking in our systems of records, to which I have access as part of my official duties.

By: _____
David Michael Page
Attorney Advisor

Date: January 17, 2020

# Exhibit 1



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF THE GENERAL COUNSEL

THE GENERAL COUNSEL

January 8, 2016

Attorney General Maura Healey
The Commonwealth of Massachusetts
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108

**Re: Everest-Massachusetts Borrower Defense Claims**

Dear General Healey:

My colleagues and I are in receipt of your November 30, 2015 letter on the above-captioned matter, the summary of evidence and applicable law included with your letter, and all appendices and exhibits attached to that summary, for which many thanks. It is clear that the Office of the Massachusetts Attorney General (OAG) has done a great deal of work on this matter.

My colleagues and I have reviewed the documents sent to us by OAG with care and believe that some evidence referred to in those documents was not included in the submission. In addition, there are some areas where we could not determine the full scope of available evidence. We believe that this additional evidence may be critical to our assessment of student claims for debt relief and would appreciate it if OAG could assist us in obtaining it.

Our specific concerns and requests for additional information are as follows:

(1) *Programs With Re-calculated Job Placement Rates*. We have read through the student statements, marketing materials, quotations from recorded enrollment phone calls, former employee affidavits, employer surveys, and OAG's analysis of the information and methodology for a recalculation of job placement rates. We have seen that the provided evidence lists recalculated placement rates, including back-up data and analysis, for:

-2008-2009 eight-month Medical Assisting graduates at the Brighton campus
-2008-2009 nine-month Medical Assisting graduates at the Brighton campus
-2013-2014 eight-month Dental Assisting graduates at the Brighton campus.

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

We did not receive recalculated rates or backup data to support recalculated rates for any other years or other programs at Brighton, nor did we receive any recalculated rates for the Chelsea campus. If you have additional recalculated rates, it would be very helpful if you would provide them to us.

We also understand that you have evidence in the form of recorded enrollment phone calls where admissions staff consistently advertised, verbally, a job placement rate around 70%. Here again, it would be very helpful if OAG would provide the recorded phone calls and the documentation showing that the rate was incorrect.

(2) *Corroborating Documentation.* We have also reviewed all school brochures and website pictures included in OAG's compilation of evidence. We do not see anything in those brochures or websites regarding specifically: (a) alleged misrepresentations about the transferability of credits; or (b) alleged misrepresentations about the expected salary of graduates. Please let us know if there is specific evidence in these materials regarding transferability of credits or expected salaries.

Like you and your colleagues at OAG, my colleagues and I are committed to providing a fair, transparent, and efficient process for debt relief for all students who believe they have been defrauded by their colleges. To that end, my colleagues have worked and are working with other Federal agencies and Attorneys General in other states to assure that students who have been wronged get redress. OAG's submission of evidence to us is a valuable first step in what we hope will be a productive joint endeavor. We look forward to receipt of the information referred to in this letter and to working with OAG for the benefit of Massachusetts students.

Please accept my best personal regards and, again, my thanks.

Very truly yours,

Joseph A. Smith, Jr.
Special Master