UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
DIANA VARA, AMANDA WILSON, NOEMY                )
SANTIAGO, KENNYA CABRERA, and                   )
INDRANI MANOO, *on behalf of themselves and*    )
*all others similarly situated*,                )
                                                )
          Plaintiff(s),                         )
                                                )
 v.                                             ) Civil Action No. 19-12175-LTS
                                                )
ELISABETH DEVOS, *in her official capacity*     )
*as Secretary of the United States*             )
*Department of Education*,                       )
                                                )
AND                                             )
                                                )
THE UNITED STATES DEPARTMENT OF                 )
EDUCATION,                                       )
                                                )
          Defendants.                           )
_____)

## <u>ANSWER TO THE SECOND AMENDED COMPLAINT</u>

1.      Paragraph 1 of the Second Amended Complaint contains Plaintiffs' characterization of the action, to which no response is required; to the extent that a response is deemed to be required, Defendants deny that the Department of Education (Education) refuses to discharge student loans for Everest students. Defendants are without knowledge as to all remaining allegations.

2.      Admit that Corinthian Colleges shut down in 2015. Admit that Corinthian operated Everest Institutes colleges, which had locations in Chelsea and Brighton.

3.      Defendants are without information to admit or deny the allegations contained in Paragraph 3.

4.      Admit that in 2015 the Massachusetts Attorney General wrote a letter to Education regarding Everest Massachusetts.

5.      Admit that Education continues to collect on loans of those former Everest MA students who have not personally applied for Borrower Defense or other types of student loan discharges.

6.      Deny.

7.      Paragraph 7 constitutes a request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 7.

8.      Paragraph 8 constitutes a request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 8.

9.      Paragraph 9 constitutes a request for relief, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 9.

10.     Admit.

11.     Admit.

12.     Deny.

13.     Admit that Cabrera borrowed federal student loans to attend Everest Institute. The remaining allegations in Paragraph 13 constitute Plaintiff's characterization of the facts at issue in this action, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 13.

14.     Admit that Manoo borrowed federal student loans to attend Everest Institute. The remaining allegations in Paragraph 14 constitute Plaintiff's characterization of the facts at issue in

this action, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 14.

15.    Admit that Santiago borrowed federal student loans to attend Everest Institute. The remaining allegations in Paragraph 15 constitute Plaintiff's characterization of the facts at issue in this action, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 15.

16.    Deny that the Attorney General's submission on Plaintiff Vara's behalf constituted an application. Admit that Vara submitted an individual application in May of 2019. Admit that Education referred Vara to Treasury Offset after default.  Admit that Education refunded all payments made after May 24, 2018, to Vara.

17.    Deny that the Attorney General's submission on Plaintiff Wilson's behalf constituted an application. Admit that Education referred Wilson to Treasury Offset after default.  Admit that Wilson was offset on March 6, 2019 in the total amount of $3,101. Admit that this entire amount was then refunded to Wilson.

18.    Admit.

19.    Admit that Education is an "agency" of the United States within the meaning of the APA. Defendants deny all remaining allegations in Paragraph 19.

20.    Admit.

21.    Admit.

22.    Admit.

23.    Deny.

24.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 24 and therefore deny them.

25.     Admit, that Title IV loans are not dischargeable without a showing of undue hardship. 11 U.S.C. 523(a)(8).

26.     Admit.

27.     Admit.

28.     Admit, that Education must provide notice to borrowers. Defendants deny all remaining allegations in Paragraph 28.

29.     Deny, that "borrower defense" refers to an assertion that a borrower's federal student loan is void or totally unenforceable because of school misconduct but admit that a borrower defense may render a borrower's federal student loan only partially enforceable.

30.     Admit.

31.     Admit.

32.     Admit that 34 CFR 685.206 will govern all loans made prior to July 1, 2017.

33.     Admit.

34.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 34 and therefore deny them.

35.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 35 and therefore deny them.

36.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 36 and therefore deny them.

37.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 37 and therefore deny them.

38.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 38 and therefore deny them.

39.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 39 and therefore deny them.

40.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 40 and therefore deny them.

41.     Admit that in 2015, the Massachusetts Attorney General communicated with Education concerning Everest Institutes in Massachusetts.   Deny that such communications constituted a borrower defense application.

42.     Admit that in 2015, the Massachusetts Attorney General communicated with Education concerning Everest Institutes in Massachusetts.  Defendants deny all remaining allegations in Paragraph 42.

43.     Admit that the communication received from the Massachusetts Attorney General contained a list of students. Deny all remaining allegations in Paragraph 43.

44.     Admit

45.     Admit that Education responded to the Massachusetts Attorney General. Deny all remaining allegations in Paragraph 45.

46.     Admit.

47.     Admit.

48.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 48 and therefore deny them.

49.     Admit that in 2017, Project on Predatory Student Lending submitted a "statement of Law and Common Facts in Support of Defense to Repayment Application."  Deny all remaining allegations in Paragraph 49.

50.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 50 and therefore deny them.

51.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 51 and therefore deny them.

52.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 52 and therefore deny them.

53.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 53 and therefore deny them.

54.     Admit.

55.     Admit that *Williams* Plaintiffs were certified for Treasury offset and did not submit an objection in response to a notice of proposed offset.  Deny all remaining allegations in Paragraph 55.

56.     Deny.

57.     Deny.

58.     Deny.

59.     Admit.

60.     Admit, with respect to the two named Plaintiffs in *Williams*, as all other plaintiffs were dismissed from the case at the time of the ruling.

61.     Admit, with respect to the two named Plaintiffs in *Williams*, as all other plaintiffs were dismissed from the case at the time of the ruling.

62.     Admit.

63.     Admit with respect to the two named Plaintiffs in *Williams*, as all other plaintiffs were dismissed from the case at the time of the ruling.

64.     Deny that the submission was an application. The remaining allegations in Paragraph 64 constitute Plaintiffs' characterization of the facts at issue in this action, to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants neither admit nor deny the allegations in Paragraph 65. To the extent a response is required, Defendants refer Plaintiffs to the transcripts of the *Williams* case, which are in writing and speak for themselves.

66.     Admit.

67.     Admit.

68.     Admit.

69.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 69 and therefore deny them.

70.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 70 and therefore deny them.

71.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 71 and therefore deny them.

72.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 72 and therefore deny them.

73.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 73 and therefore deny them.

74.     Admit, that Cabrera took out a federal student loan for $3,500. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 74 and therefore deny them.

75.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 75 and therefore deny them.

76.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 76 and therefore deny them.

77.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 77 and therefore deny them.

78.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 78 and therefore deny them.

79.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 79 and therefore deny them.

80.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 80 and therefore deny them.

81.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 81 and therefore deny them.

82.     Admit.

83.     Admit, that in May 2016, Ms. Cabrera filed a borrower defense application. Admit that Ms. Cabrera is listed in Exhibit 4 to the 2015 submission. The remaining allegations in Paragraph 83 constitute Plaintiffs' characterization of the facts at issue in this action, to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 83.

84.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 84 and therefore deny them.

85.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 85 and therefore deny them.

86.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 86 and therefore deny them.

87.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 87 and therefore deny them.

88.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 88 and therefore deny them.

89.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 89 and therefore deny them.

90.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 90 and therefore deny them.

91.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 91 and therefore deny them.

92.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 92 and therefore deny them.

93.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 93 and therefore deny them.

94.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 94 and therefore deny them.

95.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 95 and therefore deny them.

96.     Admit that Manoo borrowed $9,500 in federal student loans to attend Everest. Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 96 and therefore deny them.

97.     Admit.

98.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 98 and therefore deny them.

99.     Admit that Manoo was listed in Exhibit 4 to the 2015 submission. The remaining allegations in Paragraph 99 constitute Plaintiffs' characterization of the facts at issue in this action, to which no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 99.

100.     Admit that Manoo submitted an attestation in March 2017. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 100 and therefore deny them.

101.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 101 and therefore deny them.

102.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 102 and therefore deny them.

103.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 103 and therefore deny them.

104.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 104 and therefore deny them.

105.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 105 and therefore deny them.

106.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 106 and therefore deny them.

107.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 107 and therefore deny them.

108.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 108 and therefore deny them.

109.     Admit that Santiago borrowed $7,500 to attend Everest. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 109 and therefore deny them.

110.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 110 and therefore deny them.

111.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 111 and therefore deny them.

112.     Admit that Ms. Santiago is listed in Exhibit 4 to the 2015 submission. Defendants deny the remaining allegations in Paragraph 112.

113.     Admit, that Ms. Santiago did not file a borrower defense application.

114.     Admit that Ms. Santiago's current student loan balance is approximately $12,800. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 114 and therefore deny them.

115.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 115 and therefore deny them.

116.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 116 and therefore deny them.

117.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 117 and therefore deny them.

118.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 118 and therefore deny them.

119.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 119 and therefore deny them.

120.     Admit that Vara borrowed federal loans to attend Everest. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 120, and therefore deny them.

121.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 121 and therefore deny them.

122.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 122 and therefore deny them.

123.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 123 and therefore deny them.

124.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 124 and therefore deny them.

125.     Admit, that after Vara defaulted on her loans, the loans were referred to Treasury Offset and administrative wage garnishment as required by Debt Collection Improvement Act, 31 USC 3716 et seq. Defendants note that payments taken after May 24, 2018, were refunded to Vara.

126.     Admit that all payments taken after May 24, 2018, were refunded to Ms. Vara. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 126 and therefore deny them.

127.     Admit that Vara's loans have a zero balance. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 127 and therefore deny them.

128.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 128 and therefore deny them.

129.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 129 and therefore deny them.

130.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 130 and therefore deny them.

131.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 131 and therefore deny them.

132.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 132 and therefore deny them.

133.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 133 and therefore deny them.

134.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 134 and therefore deny them.

135.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 135 and therefore deny them.

136.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 136 and therefore deny them.

137.     Admit, that Wilson defaulted on her student loans in 2018. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 137 and therefore deny them.

138.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 138 and therefore deny them.

139.   Admit that Wilson filed her individual borrower defense application in November of 2016. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 139 and therefore deny them.

140.   Admit that Wilson's federal payment was offset on March 6, 2019, in the total amount of $3,101, which was subsequently refunded to Wilson. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 140 and therefore deny them.

141.   Admit, that Wilson was sent a standard Administrative Wage Garnishment notice. Admit, that such notice would include a Request for a Hearing form, which lists objections to the existence/enforceability of the debt and the timeframe within which a hearing must be requested.

142.   Admit that Wilson filed a second Borrower Defense discharge application in May 2019.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 142 and therefore deny them

143.   Admit.

144.   Admit that Vara's loans have a zero balance. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 144 and therefore deny them.

145.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 145 and therefore deny them.

146.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 146 and therefore deny them.

147.   Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 147 and therefore deny them.

148.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 148 and therefore deny them.

149.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 149 and therefore deny them.

150.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 150 and therefore deny them.

151.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 151 and therefore deny them.

152.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 152 and therefore deny them.

153.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 153 and therefore deny them.

154.    Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 154 and therefore deny them.

155.    Defendants deny the allegations contained in Paragraph 155(a). Defendants deny the allegations contained in Paragraph 155(b).Defendants deny the allegations contained in Paragraph 155(c). Defendants deny the allegations contained in Paragraph 155(d). Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 155(e) and therefore deny them.

156.    Deny.

157.    Deny.

158.    Deny.

159.    Defendants' responses to paragraphs 1-158 are incorporated as if fully set forth herein.

160.    Deny.

161.    Paragraph 161 contains a question of law, to which no response is required; to the extent a response is deemed necessary, Defendants admit the factual allegations in Paragraph 161.

162.    Paragraph 161 contains a question of law, to which no response is required; to the extent a response is deemed necessary, Defendants admit the factual allegations in Paragraph 162.

163.    Deny.

164.    Deny.

165.    Deny.

166.    Deny except admit that Education cannot treat the 2015 submission as a borrower defense application on behalf of individuals listed in Exhibit 4 without additional documentation.

167.    Deny.

168.    Deny.

169.    Deny.

170.    Deny.

171.    Deny.

172.    No response is required to Paragraph 172.

173.    No response is required to Paragraph 173.

174.    Admit.

175.    Admit.

176.    Deny.

177.    Deny.

The unnumbered, final Paragraph of the Complaint, containing subparagraphs (a) to (i), constitutes a Prayer for Relief to which no response is required; to the extent that a response is required, Defendants deny the allegations contained in the Prayer for Relief.

## GENERAL DENIAL

All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

1.  The Higher Education Act, 20 U.S.C. § 1087(a) provides no basis for jurisdiction or for the relief that Plaintiffs request.

2.  The Administrative Procedure Act, 5 U.S.C. § 701 ff., provides no independent basis for jurisdiction and Plaintiffs have pleaded no violation of any other statute, and it provides no basis for the relief that Plaintiffs seek.

3.  The Declaratory Judgment Act, 20 U.S.C. § 1082(a)(2), provides no basis for jurisdiction or for the relief that Plaintiffs request.  .

4.   There is no final agency action ripe for review, as is required by 5 U.S.C. § 704.

5.  Plaintiffs cannot show that Defendants' actions are arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A).

6.  Plaintiffs cannot show that Defendants' actions were unsupported by substantial evidence in the record, as required by 5 U.S.C. § 706(2)(E).

7.  Plaintiffs cannot show that Defendants' actions violated any substantive or procedural requirement.

8.  Plaintiffs have failed to allege any violation of agency statutes or regulations regarding the discharge of student loans or collection of student debts regarding such loans.

9.  Defendants' decisions regarding whether or not to discharge the student loans on a group basis are within the discretion of Defendants and are unreviewable.

10. Plaintiffs have failed to allege that they are eligible for the relief of discharge of their student loans, as required by 34 C.F.R. 685.222.

11. Plaintiffs lack standing to represent the purported class of students of the Everest Institute.

12. Plaintiffs fail to meet the commonality requirement in Rule 23(a).

13. Plaintiffs fail to meet the typicality requirement in Rule 23(a) co

14. The purported class of students of the Everest Institute lack the commonality required for designation of a class.

15. Plaintiffs fail to provide any basis for the award of monetary damages under any statute.

16. Plaintiffs fail to provide any basis for injunctive relief under any statute.

17. The Court lacks jurisdiction to grant the declaratory judgment prayed for because such relief is injunctive in nature.

18. Plaintiffs' claims are moot.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

*/s/ Anita Johnson*
ANITA JOHNSON
ANAPURNA BALAKRISHNA
Assistant U.S. Attorneys
U.S. Attorney's Office
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
617-748-3266
anita.johnson@usdoj.gov

<u>Certificate of Service</u>

I certify that the foregoing will be filed through the electronic filing system of the Court, which system will serve counsel for Plaintiffs electronically, on this 28th day of January 2020.

*/s/  Anita Johnson*
Assistant U.S. Attorney