# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DIANA VARA, et al. )
 )  Civil Action No. 19-12175-LTS
   Plaintiff(s), )
 )
v. )
 )
ELISABETH DEVOS, and THE UNITED )
STATES DEPARTMENT OF EDUCATION, )
 )
   Defendants. )
_____)

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

The named Plaintiffs in this action move to certify a class consisting of 7,241 individuals, each of whom was granted federal student loans to pay tuition for post-secondary school education at one of two Everest Institutes, owned by Corinthian Colleges, Inc., located in Massachusetts. *See* ECF No. 28 at ¶¶ 1, 157.   This action was instituted by two named Plaintiffs, Diana Vara and Amanda Wilson.   On January 17, 2020, after the Answer was filed, three additional named Plaintiffs were added to the Complaint, and each of the five Plaintiffs asserts that she is entitled to represent the class.  *See* ECF No. 24.

Certification of the proposed class action is not permissible because none of the Plaintiffs has satisfied her burden of 1) showing she met the four prerequisites to certification set forth in Rule 23(a); and 2) her burden of showing that the injunctive relief requested can be provided uniformly across the putative class as required by Rule 23(b) (2), if relief were available to any Plaintiff.

## BACKGROUND OF THE FEDERAL STUDENT LOAN PROGRAM

Title IV of the Higher Education Act, 20 U.S.C. § 1070 *et seq.,* provides that students can apply for and receive loans to pay for their post-secondary school education expenses.  20 U.S.C. § 1087a *et seq.*  It also provides for federal reinsurance of loans for these expenses to students or their families that are made by financial institutions and guaranteed by state or non-profit guaranty agencies.  *Student Loan Marketing Ass'n v. Riley,* 907 F. Supp. 464, 467 (D.D.C. 1995); *see also,* 20 U.S.C. § 1071 *et seq.*; 20 U.S.C. § 1087a *et seq.;* 34 C.F.R. § 682.209(g).  The two types of loans have "the same terms, conditions, and benefits. . . ." "except as otherwise specified". 20 U.S.C. § 1087a(b)(2).

Generally, students are obligated to repay these loans.  *Id.*     § 1087e (d); 34 C.F.R. § 685.207(a).  If student loans are not repaid, "[t]he head of an … executive agency," such as the Secretary of Education, "shall try to collect" any "claim" of the United States "arising out of the activities of, or referred to, the agency."  31 U.S.C. § 3711(a)(1).  A "claim'" or "debt" is "any amount of funds or property that has been determined by an appropriate official of the Federal Government to be owed to the United States." *Id.* § 3701(b)(1).   In compliance with certain procedural requirements, the Secretary has authority, common to every federal creditor, to collect the debt through various tools, including administrative offset of federal nontax and tax refund payments and wage garnishment.  31 U.S.C. §§ 3716((c)(6);3720a; 3720d.  *See U.S. v. Munsey Trust Co.,* 332 U.S. 234, 239 (1947); *Commonwealth of Massachusetts v. U.S. Dept. of Education,* 340 F.Supp. 7, 10 (D.D.C. 2018).  This authority is intended to avoid the "absurdity of making A pay B when B owes A."  *Studley v. Boylston National Bank,* 229 U.S. 523, 528 (1913); *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18(1995).   Federal agencies are required to refer delinquent nontax debts to the Treasury Department for collection, including through the use of

Treasury offset of federal nontax and tax refund payments and garnishment of wages.  31 U.S.C. §§ 3716(c) (6 and 3720A(a); 31 C.F.R. § 285.5(c)(d); and Treasury is required to offset these payments to collect the debt.  31 U.S.C. § § 3716(c); 3720A(c); 3720d.  The debtor is provided with notice and the opportunity, at several stages of the administrative process to contest the legal enforceability of the debt (including a hearing).  *See* C.F.R.  § 285.5(d)(6)(ii);  34 C.F.R.§§ 30.22(b)(3), 30.24, 30.25; *see also* 31 U.S.C. §§ 3716, 3720A.

Under certain circumstances, students may apply to the Secretary to have their loans discharged, either partially or completely. The Higher Education Act requires the Secretary to "specify in regulations which acts or omissions or omissions of an institution of higher education a borrower may assert as a defense to repayment" of a Direct Loan.  20 U.S.C. § 1087e(h).  Under this authority, pursuant to 34 C.F.R. § 685.206(c),685.222(a)(2), a borrower is allowed to  submit an application to the agency, and "provide evidence that supports a "borrower defense" to repayment, as well as "any other information or supporting documents reasonably requested by the Secretary." 34 C.F.R. § 685.222(e)(1).

One of the bases for applying for a full or partial discharge of a loan is the Secretary's authority to relieve the borrower of her obligation to repay a loan based on "some act or failure of the borrower's school," such as "substantial misrepresentation by the school. 60 Fed. Reg. 37, 768, 770 (July 21, 1995), *quoting* 34 C.F.R. § 685.206(c)(1), (2), incorporating 34 C.F.R. § 685.222; 20 U.S.C. § 1087e(h).[1]   For a Borrower Defense application brought on the basis of "substantial misrepresentation," the factors for full or partial discharge are:

---

[1] Violations of state law are a basis for asserting a Borrower Defense against repayment.  34 C.F.R. § 685.206(c)(1).  *See Carr v. Devos,* 369 F. Supp.3d at 668.

> [T]he borrower's cost of attendance to attend the school, as well as
> The value of the education the borrower received, the value of the
> Education that a reasonable borrower in the borrower's circumstances
> would have received, and/or the value of the education the borrower
> should have expected given the information provided by the institution,
> into the determination of the appropriate relief.  A borrower may be
> granted full, partial, or no relief.  Value will be assessed in a manner that is
> reasonable and practicable.  In addition, the Department official or hearing officer
> deciding the claim may consider any other relevant factors; . . . .

34 C.F.R. § 685.222(i) (2)(i).  The Secretary designates an official to determine the individualized

facts and merits of the applicant's claim through a fact-finding process on the individualize facts

of the applicant, and issue a written decision that is "final as to the merits of the claim and any

relief that may be granted on the claim."  34 C.F.R. § 685.222e (3)-(5).  The borrower is provided

with opportunities to show that the debt should not be enforced.  If the Borrower Defense

application is approved by the official, he is designated to decide, at his discretion "the appropriate

amount of relief to award the borrower…."  *Id.* 685.222(i)(l).  The agency does not have an

obligation to investigate whether a valid Borrower Defense exists; it is the burden of the debtor to

provide a basis for the relief that he seeks. 31 C.F.R. § 285.2(d)(1)(i).  The agency's obligation

duty is to notify the debtor of the default, provide procedures that guard against the risk of error,

and provide the debtor an opportunity to dispute or to agree to repay the debt.  31 U.S.C. § 3701

*et seq.,* 3716(a), 3720A(b)(3); 31 C.F.R § 285.2(d); 34 C.F.R. § 30.33.[2]  If the borrower's defense

against repayment is successful, the agency notifies the borrower that the borrower is relieved of

---

[2] The regulations permit a "group process that the Secretary may initiate, at her discretion, to "determine whether a group of borrowers identified by the Secretary, has a borrower defense. *Id.* 685.222(f)(1).  The DOE has explained that "the Secretary is best positioned to decide if circumstances warrant the initiation of a group process to decide its right of recovery from a school." 81 Fed. Reg. 967.  The Secretary has no obligation to undertake a group discharge, and § 685.222(f) provides that only the Secretary may initiate a group process, and the Secretary has full discretion as to whether to do so.  The Secretary has never so concluded regarding the group that is the subject of this Complaint and Motion for Certification.

the obligation to repay all or part of the loan and associated costs and fees.  And DOE affords the borrower such further relief as the Secretary determines is appropriate under the circumstances. *Id.* § 685.206(c)(2);  34 C.F.R. § 685.206(c)(2); § 685.206(c)(2).

Corinthian Colleges, Inc., Everest Institute's parent company, closed its schools in 2015, after "multiple state and federal investigations revealed that . . . [the schools] defrauded students by falsifying its post-graduation job placement data." *Commonwealth of Massachusetts v. U.S. Dept. of Education,* 340 F. Supp.3d 7, 9 (D.D.C. 2018).  Thereafter, DOE received "a flood of borrower defense claims submitted by Corinthian students." *Id.*  By 2019, Education had received about 290,000, claims for partial or full discharge. https://www.ed.gov/sites/default/files/documents/borrower-defense-relief.pdf (December 10, 2019, Policy Statement) (accessed January 22, 2020). *See Carr v. Devos,* 369 F. Supp. 3d 554, 558 (S.D.N.Y. 2019).

In response to this flood of claims, DOE, in 2016, published information on its website to educate borrowers on the availability of relief from their loans.  *See* ECF No. 15, ¶ 7.  DOE provided attestation forms with which borrowers could apply for a borrower defense loan discharge by verifying the program they attended and certifying that they chose to attend the schools based on the schools' promotional materials and other available information regarding job placement rates and the quality of education provided by the schools.  *Id. ¶* 8.  DOE has revised its borrower defense regulation at 34 C.F.R 685.206(c) (text effective between July 2014 and March 2019) and promulgated a new regulation at 34 C.F.R. § 685.222.  By November 12, 2019, DOE had resolved about 65,000 applications.  ECF No. 15 at ¶ 9.  And in December 2019, DOE released a new borrower defense methodology that would allow it to adjudicate borrower defense claims that are entitled to partial relief.  *Id.* ¶ 10.

## SUMMARY OF THE ARGUMENTS

Plaintiffs do not meet the commonality and typicality requirements of Rule 23(a) because their claims do not present questions of law and fact that can be resolved by this Court "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Plaintiffs fail to meet the adequacy requirement as well.  They request discharge of all federal student loans for all of the 7, 241 individuals in the class, in addition to compensation for each and every one of those individuals.  They seek a declaration that every garnishment order issued by DOE is unlawful, and they seek reimbursement of all student loan payments, together with interest and fees for nonpayment or late payment.  In addition, they seek these decisions on each of the 7,241 individual borrowers, regardless of whether or not the individuals have provided information to DOE that would permit DOE to make reasoned decisions or have even applied individually to DOE for relief. The claims of Plaintiffs Vara and Wilson are moot. Plaintiff Cabrera has made substantial payments on her student loan, and she is not in default.  She filed a borrower defense application on May 10, 2016, and there is no DOE collection activity on her loans.  Plaintiff Manoo's loans are not in default.  She filed three borrower defense applications for the loans used for her Everest Institute attendance, and DOE ceased all collection activity on the loans.  Plaintiff Santiago has outstanding student loans for which she has made no repayments.  She is not in default, and has been deemed to have initiated a Borrower Defense application.  Having a Borrower Defense application on file and in the absence of collection activity by DOE, they await resolution of their applications in compliance with DOE procedures.  Their status as non-defaulted borrowers who are not in collection is inconsistent with the purported class as a whole. S*ee* ECF No. 28 at ¶ 158. Moreover, they have alleged no DOE statutory or regulatory violations.  Alleging such violations is a requirement for certification of a class pursuant to Rule 23(b)(2).

## PLAINTIFFS ARE NOT ENTITLED TO CLASS CERTIFICATION

### A.  <u>Legal Standards</u>

Federal Rule of Civil Procedure 23 provides "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc.,* 564 U.S. at 348 (2011).  But it allows for such an exception only where a would-be class representative meets a series of conditions set forth in sections (a) and (b) of the rule.  *See* Fed. R. Civ. P. 23(a) ("[p]rerequisites" to class certification) and 23(b) (additional requirements).  To fall under the exception, "a class representative must be part of the class and possess the same interest and suffer the same injury as the other class members." *E. Texas Motor Freight Sys., Inc. v. Rodriquez,* 431 U.S. 395, 403 (1979).  The "court must conduct a rigorous analysis of the prerequisites established by Rule 23 before certifying a class." *Smilow v. Southwestern Bell Mobile Systems, Inc.,* 323 F.3d 32, 38 (1st Cir. 2003).  A petitioner for a class action must demonstrate that: (1) the class so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative(s) will adequately protect the class (adequacy). FED. R. CIV. P. 23(a)(1)-(4); *see also Wal-Mart Stores,* 564 U.S. at 344.  These four requirements, the Supreme Court underscored, "effectively limit the class claims to those fairly encompassed by the named plaintiff's class." *Id.* at 347.

Plaintiffs seeking class certification are also required to satisfy one of the three requirements listed in Rule 23(b). *Id.* at 344-47.  Plaintiffs rely on Rule 23(b)(2), which, if (b)(1) is satisfied, grants certification "when 'the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Id.* at 360.  *See also Smilow,*

323 F.3d at 38.  *See* Motion for Class Certification ¶¶ 3, 14.  *McKenna v. First Horizon Home Loans,* 475 F.3d 418, 427 (1ˢᵗ Cir. 2007) (Rule 23(b)(2) applies when the relief requested is injunctive or declaratory relief applicable to the entire class.).  This relief is available when the requested relief is predominantly non-monetary in nature.  *Wal-Mart Stores*, 564 U.S. at 360, 363 (holding that claims for predominantly monetary claims may not be brought under Rule 23(b)(2); *Da Rosa v. Mass. Bay Commuter Rail Co.,* 694 F. Supp.2d 87, 95 (D. Mass. 2010) ("Rule 23(b)(2) certification is not appropriate when money damages are the predominant relief that the plaintiffs seek.").  Monetary relief is "predominant" when the "monetary relief being sought is less of a group remedy and instead depends more on the varying circumstances and merits of each potential class member's case:  *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 411-13 (5ᵗʰ Cir. 1998). And in *In Re Nexium (Esomeprazole), Antitrust Litg.,* 297 F.R.D. 168, 174 (D. Mass. 2013); *aff;d* 777 F.3d 9 (1ˢᵗ Cir. 2015), where the harms alleged were continuing, the court held that plaintiff's request for injunctive relief was "merely incidental to injunctive damages." Accordingly, where the alleged harms were continuing, the relief is essentially injunctive or declaratory relief.

The class proponent has the burden of proof.  *In re Nexium Antitrust Litigation*, 777 F.3d 9, 18 (1st Cir. 2015) (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)). The district court must undertake a "rigorous analysis" to determine if Rule 23 requirements have been met. *See Wal-Mart Stores.,* 564 U.S. at 351. Even where the class certification requirements are met, the court has broad discretion to deny certification.  *Id.* at 349.

**B.  Plaintiffs are Not Entitled to Class Certification**

Plaintiffs' motion for class certification should be denied because the individual Plaintiffs fail to meet two of the four requirements of Rule 23(a), Federal Rules of Civil Procedure, commonality and typicality, and the individual Plaintiffs fail to meet the requirement of Rule 23(b)

requiring a showing that "injunctive relief or corresponding declaratory relief" is appropriate for the class as a whole.  The proposed class fails to meet two out of the four requirements of Federal Rule of Civil Procedure 23(a), and fails to show that Plaintiffs' requested relief would be "appropriate respecting the class as a whole," Rule 23(b).

### 1. The Proposed Class Cannot Satisfy the Requirements of Commonality and Typicality.

#### a.  The Requirements of Commonality and Typicality

In order to meet the "commonality" requirement, Plaintiffs must demonstrate that they have "questions of law or fact common to the class." RULE 23(a)(2).  The class proponent must bear the burden of proof.  *Smilow*, 323 F.3d at 38.  The claims of the putative class "must depend upon a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of class wide resolution — which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores,* 564 U.S. at 350.  "A question is common      if  . . . determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Parent/Professional Advocacy League v. City of Springfield*, 934 F.3d 13, 28 (1st Cir. 2019) (citing  *Wal-Mart Stores,* 564 U.S. at 350).  "What matters to class certification . . . is not the raising of common questions . . . but, rather the capacity of a class wide proceeding to  generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores,* 564 U.S. at 350.  "Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* at 251.  The Supreme Court has cautioned that the language of Rule 23(a)(2) "is easy to misread, since '[a]ny competently crafted class complaint literally raises common 'questions.'" *Wal-Mart Stores*, 564 U.S. at 349.  Plaintiffs must show more than "merely that [the proposed class and sub-class members] have all suffered a violation of the same provision of law." *Id.* ("Commonality

requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'"). Rather, their "claims must depend upon a common contention . . . *of such a nature that it is capable of class wide resolution*." *Id.* (emphasis added). This means that a class may be certified only if "plaintiffs share similar potentially viable claims whose 'truth or falsity' can be resolved one way or the other '*in one stroke*.'" *Wal-Mart Stores*, 564 U.S. at 350). "What matters . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a class wide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.*

The typicality requirement of Rule 23(a)(3) "derives its independent legal significance from its ability to screen out class actions in which the legal or factual position of the representatives is markedly different from that of other members of the class even though common issues of law or fact are present." *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 598 (3d Cir. 2012). Thus, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class member." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (citation omitted).

The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances, maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Garcia v. E.J. Amusements of New Hampshire, Inc.*, 98 F. Supp. 3d 277, 288 (D. Mass. 2015) (quoting *Wal-Mart Stores,* 564 U.S. at 349, n. 5). Class treatment is unavailable if it is likely that "differences in the factual background of each claim will affect the outcome of the legal issue." *Falzarano v. United States,* 607 F.2d 504, 509 n.2 (1ˢᵗ Cir. 1979) *citing Califano v. Sanders,* 430 U.S. 99, 104-107 (1977). Thus, "commonality" and "typicality" are absent if the ultimate

determination of liability would require an inquiry into each class member's unique circumstances. *See Wal-Mart*, 564 U.S. at 352; *see also In re Online DVD Rental Antitrust Litig.*, 2010 WL 5396064, at *4 (N.D. Cal. Dec. 23, 2010). The claims, if any, of the purported class here cannot be resolved as a matter of law and fact "in one stroke." *Wal-Mart Stores,* 564 U.S. at 350.

Plaintiffs suggest three common questions of law or fact that meet the requirements of 23(a) and that each is typical of the class members:

> [W]hether the Defendants have constructively denied the AGO's application on behalf of class members; whether doing so without rendering a reasoned decision on the merits of the application is arbitrary and capricious; and whether the evidence supports a finding that all members of the class have established a complete defense against the repayment of their federal student loans.

*See* Second Amended Complaint, ECF No. 28 at ¶ 155(b).

In fact, there are material dissimilarities between the claims of the five individual Plaintiffs and between each individual Plaintiff and the proposed class as a whole, such that they cannot be decided "in one stroke."

## 1.  Plaintiffs Vara and Wilson

As noted, the relief sought by each Plaintiff on behalf of 7,243 class members is declaratory and injunctive relief involving monetary relief, the cancellation of student loan debts and return of loan payments, interest and other charges that students have paid on their loans. These individual plaintiffs cannot show the requisite commonality and typicality to represent the purported class. Plaintiffs Vara and Wilson have no personal stake at all in the adjudication of any claims in the case, since DOE has discharged their loans, refunded all payments made on the student loans, and they are no longer indebted to the United States. They have no legal interest in this litigation either as individuals or as class representatives. Bulman Declarations, ECF No. 31 at ¶ ¶ 25-27; and ECF No. 32 at ¶ ¶ 23-25. *See id.* at ¶ ¶ 127, 144.

Vara and Wilson cannot as individuals meet the jurisdictional requirement of Article III of the Constitution that requires the resolution of "cases" or "controversies."  After all, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed;" *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974); *Maine Sch. Admin. Dist. No. 35 v. Mr. R.*, 321 F.3d 9, 17 (1st Cir. 2003); such that there is "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  "[W]hen the issues are no longer live or the parties no longer have a legally cognizable interest in the outcome," the case is moot.  *Horizon Bank & Trust Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir. 2004).  Once a case or controversy is moot, a federal court lacks jurisdiction to adjudicate the merits of the case.  *See also U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21 (1994); *Ashcroft v. Mattis*, 431 U.S. 171, 172-3 (1977); *Overseas Military Sales Corp., Ltd v. Giralt-Armada*, 503 F.3d 12, 17 (1st Cir. 2007) (under mootness doctrine, "when the issues presented are no longer live, or when the parties lack a cognizable interest in the outcome . . . dismissal of the action is compulsory") (quoting *Cruz v. Farquharson*, 252 F.2d 530, 533 (1st Cir. 2001)).   Accordingly, because Plaintiffs Vara and Wilson's claims are moot, they lack standing to be representatives of the class, and their request for Rule 23(a) certification must be denied. *United Food & Commer. Workers Unions & Emplrs. Midwest Health Bens. Fund v. Warner Chilcott Ltd. (In re Asacol Antitrust Litig.)*, 907 F.3d 42, 49 (1st Cir. 2018) (citing *Gratz v. Bollinger*, 539 U.S. 244, 262–268 (2003).

### 2.  Plaintiff Cabrera

Plaintiff Cabrera took out a FFELP loan.  *See* Bulman Decl. ECF No. 35 at 1¶¶ 6-17.  She has made $3,034.7 in payments on the loan, and she is not in default.  *Id.*  Her remaining principal is $626.31.  *Id.* ¶ 18.  She filed a Borrower Defense application on May 10, 2016, and there is no

collection activity on her loans.  Her application is in the process of being adjudicated by DOE. *See* ECF No. 28 at ¶¶ 83, 100.  There is no indication that she is representative of the class because the class is composed not only of borrowers who are not in default on their loans and have filed Borrower Defense applications, as she has, but also borrowers who are not in default and have never filed Borrower Defense applications, borrowers who are in default and have filed Borrower Defense applications, and borrowers who are in default and have never filed Borrower Defense applications.  In addition, due to the filing of a Borrower Defense application, her loans are in suspension while the loans of other borrowers are not.  She does not represent that the class members have the same facts and status that she does.  The entitlement of these borrowers, if any, to relief is materially different than Cabrera's, since her Borrower Defense application is in the process of being adjudicated and her account has never been in collections.  She cannot show that she has commonality and typicality with the other purported class members under Rule 23(a).

 Nor will Cabrera be able to show that she is entitled to have the Court "predetermine the outcome of an ongoing review by a Government agency. . . ."  *Carr v. DeVos*, 369 F. Supp. 3d 554, 562 (S.D.N.Y. 2019) (in DOE loan case).  Her entitlement to relief, if any, is quite different many other member of the purported class, who have filed a Borrower Discharge application and been denied discharge or who have never filed a Borrower Defense application.  There is no final decision on her application, no adverse action, and, accordingly, she is not entitled to relief at this time.  Accordingly, she cannot demonstrate commonality or typicality.

The entitlement to relief under the borrower discharge regulation hinges on individualized facts – the actions of the school vis-à-vis this specific individual, reliance by this specific individual on any school's actions, the harm that the student suffered as a result – all these are individualized determinations that cannot be determined en masse.

### 3.   Plaintiff Manoo

Plaintiff Manoo took out $9,500 in student loans to attend Everest Institute.  Bulman Decl., ECF No. 36, at ¶¶ 15-17.  She has made payments in the total amount of $1,698.56.  *Id.* at ¶ 18. She filed Borrower Defense applications with regards to these loans on May 17, 2016, March 22, 2017, and March 13, 2019, and her applications are being adjudicated by DOE.  She owes DOE a total of $13,540.11 on these loans.  *Id. ¶ 20.*  For the reasons set forth in the section above, Plaintiff Manoo has particular facts related to her status and the suitability of her claims for review that set her apart from other purported class members – she is not in default, she has applied for Borrower discharge, and there is no collection at this time on her loans.  She does not represent that the class members as a whole, who have varying facts and status, and accordingly, her claim for relief and the claims of the class cannot be decided "in one stroke."  *Wal-Mart Stores,* 564 U.S. at 350.

### 4.   Plaintiff Santiago

Plaintiff Noemy Santiago has taken out two loans for attendance at Everest Institute. Bulman Decl., Dkt. No. 34, at ¶¶ 15-17. She has made no payment on these two loans and they remain outstanding.  *Id. ¶ 18.*   The total amount that she owes DOE is $13,715.97, including principal and interest.  She is not in default on these loans.  *Id.* at ¶ 18.  She did not submit an individual Borrower Defense application. On January 22, 2020 she was notified that the November 30, 2015 submission by Massachusetts Attorney General to DOE will be considered to initiate a borrower defense application on her behalf. *Id.* ¶ 20.   As with Plaintiffs Cabrera and Manoo, she does not have the commonality and typicality of the class because she is not in default on the loans, whereas many members of the class are in default and have been and are being collected against. She also never filed an application before she filed this lawsuit.

### b.  <u>The Purported Class is of Mixed Fact and Status</u>

The purported class members, as noted, have material differences that preclude the commonality required for the Court to make a decision "in one stroke."  *See* pp. 12-14.  The members of the purported class are not amenable to a uniform remedy.  Many of the proposed class members have filed individual Borrower Defense applications; *see, e.g., id.* at ¶¶ 83, 100, 126, 139; while others have never filed an application.  S*ee, e.g., id.* at ¶ 113.  Some are in loan forbearance and others are not.  Many members have already received or will receive a favorable final decision on their Borrower Defense applications, eliminating their debts partially or in full.  Others have never filed a Borrower Discharge application and do not seek to file an application, but seek to force DOE to cancel their debts outright without having to show that they have been damaged.  *See id.* at ¶ 152–153.   Some may be entitled to no discharge, others partial discharge, and others full discharge, depending on the injury suffered by the borrower as a result of Everest Institute's misconduct.   Entitlement to relief hinges on individualized facts – the actions of the school vis-à-vis this specific individual, reliance by this specific individual on any school's actions, the harm that the student suffered as a result – all these are individualized determinations that cannot be determined en masse.  *See Deveau v. Sec'y of the U.S. Dept. of Education,* No. 27-10028-JCB (D. Mass. March 29, 2018); *United States v. Castillo,* 2013 WL12107621(S.D. Fla.2013).  Some members of the proposed class graduated and received diplomas, *see, e.g.,* ECF No. 28 ¶¶ 90, while others did not; *see, e.g., id.* at ¶ 116.  These differences are material with respect to the relief requested in the Complaint.  Plaintiffs have not shown that their particular alleged injuries have been suffered by all the proposed class members – that any set of facts and entitlements are allocable to the claims of every class member—and that each member of the class is entitled to the same relief, etc., and therefore there is no "common contention" upon which the

Plaintiffs' claims can rest.  *See Matthews v. Eldridge,* 42 U.S. 319, 321 (1976) (dissimilarities between the putative class members prevent an answer in common to their claims).  Plaintiffs cannot bear their burden of establishing that they have commonality with the members of the class and, accordingly, that the characteristics of all of class members are in common. *See Wal-Mart Stores,* 564 U.S. at 349–350.

### c.   The Proposed Class Does Not Satisfy the Requirements of Rule 23(b) Because Class-wide Injunctive Relief is Not Available

Plaintiffs assert that certification of the class would be appropriate under Rule 23(b)(2) because "final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole." *See* ECF No. 28 at ¶ 158. "[C]orresponding declaratory relief," in this context, means that which "affords injunctive relief or serves as a basis for later injunctive relief." FED. R. CIV. P. 23(b)(2) advisory committee's note to 1966 amendment. Plaintiffs are not entitled to such relief under the Higher Education Act, 20 U.S.C. § 1082(a)(2), and, even if they were, the proposed class is not amenable to a uniform remedy, making such relief inappropriate "with respect to the class as a whole." FED. R. CIV. P. 23(b)(2).

### 1.   Congress has not waived sovereign immunity for a claim that essentially seeks injunctive relief.

The Higher Education Act dictates that "no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control." 20 U.S.C. § 1082(a)(2). Therefore, Defendants are "immune from suit requesting injunctive relief." *Devine v. Transworld Systems Inc.*, No. 16-cv-11535, 2016 WL 6871232, at *1 n. 1 (D. Mass. Nov. 21, 2016). To the extent that Plaintiffs seek declaratory relief that "serves as a basis for later injunctive relief," there can be no later injunctive relief where

Defendants are immune from such relief. FED. R. CIV. P. 23(b)(2) advisory committee's note to 1966 amendment.

### 2. The proposed class is not amenable to a uniform remedy.

There is no uniform remedy that would address the needs of all 7,241 members of the proposed class. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted — the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores Inc.,* 564 U.S. at 360 (internal quotations and citations omitted). "It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Id.*

The only relief that Plaintiffs could possibly receive in this case is a declaration that the AGO's submission to Defendants should be considered as having invoked a borrower defense on behalf of all class members. As evidenced by named Plaintiffs Cabrera and Manoo, several class members may already have borrower defense applications which are being adjudicated by the Department of Education. *See* ECF No. 28 at ¶¶ 83, 100. It is also possible that many of these individuals either will receive or have received a favorable final decision on their borrower defense applications, thereby eliminating their debts and refunding their past payments, similarly to Plaintiffs Vara and Wilson. *See id.* at ¶¶ 127, 144.  In fact, Plaintiffs admit that several of the individuals identified by the AGO's submission already "have received cancellation of their federal student loans" and/or "have had returned to them money collected on their federal student loans." *See id.* at ¶ 152–153. As it currently stands, only some of the potential members of the class would receive any benefit from a declaration that the AGO's submission constitutes a borrower defense application on their behalf. Other potential class members do not seek to invoke

a borrower defense, but rather to force Defendants to cancel their debts outright. *See* ECF No. 28 at 30.

Because the over 7,241 potential class members (including both the named students from the AGO's submission and their yet unidentified parents) have wide and varied claims seeking several forms of declaratory and injunctive relief, there is no one uniform remedy that would be applicable to all of them. For this reason, certification of the class would be inappropriate under Rule 23(b)(2).

## **CONCLUSION**

For the foregoing reasons, Court should deny Plaintiffs' motion for class certification.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney


By: */s/ Anita Johnson*
ANITA JOHNSON
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3266