UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIANA VARA, AMANDA WILSON, NOEMY SANTIAGO, KENNYA CABRERA, and INDRANI MANOO, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

ELISABETH P. DEVOS, in her official capacity as Secretary of the United States Department of Education, and THE UNITED STATES DEPARTMENT OF EDUCATION,

    Defendants.

Civil No. 19-12175-LTS

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR AN ORDER STAYING THE EXECUTION OF THE COURT'S ORDER PENDING APPEAL**

Defendants, who are the United States Department of Education, and Elisabeth DeVos, in her official capacity as the Secretary of Education, respectfully request a stay of the Court's order in this lawsuit under Fed. R. Civ. P. 62(d) to preserve the status quo until the appeal process has concluded if an appeal is taken. If an appeal is not taken, Defendants respectfully request a ten-day extension of time—to September 7, 2020—to comply with the Court's order.

Defendants are considering whether to appeal all or some of the Court's order. If they appeal, they will face irreparable harm if a stay is not granted. The appeal will become moot, as Defendants will have no way to reinstate the loans or collect disbursed money if they prevail on appeal. Because the scope of the relief granted here is broader than what normally results from an Administrative Procedure Act appeal, Defendants may prevail on the issue of the scope of the relief. Defendants note that this matter proceeded expeditiously and expect that the appeal will too.

## BACKGROUND

This is a lawsuit brought by student loan borrowers (Plaintiffs), on behalf of themselves and others similarly situated, against Defendants. Plaintiffs asked the Court "to rule that the Secretary is violating the Administrative Procedure Act by failing to render a reasoned decision on the Borrower Defense that the Attorney General submitted on behalf of 7,241 students in 2015." First Amended Class Action Comp. for Declaratory and Injunctive Relief, ¶ 7, ECF No. 24. They sought an order setting aside the Secretary's determination that a group application filed by the Massachusetts Attorney General's Office (the DTR Application) was insufficient, "to establish a borrower defense for any and all individuals who took out a federal student loan in connection with Everest Massachusetts." *Id.*, ¶ 8. Finally, Plaintiffs asked the Court to declare that "[t]he only non-arbitrary action that Defendants may take, in light of all the evidence in front of them, is to cancel the loans of all members of the proposed class, and return any money already collected towards these invalid loans." *Id.*, ¶ 9.

On June 25, 2020, the Court issued its Memorandum and Order on Plaintiffs' Motion for Class Certification and Plaintiffs' Motion for Judgment. Memorandum and Order on Plaintiffs' Motion for Class Certification (ECF No.11) and Plaintiffs' Motion for Judgment (ECF No. 38). ECF No. 58 (Order). The Order:

(1) allowed Plaintiffs' Motion for Judgment (ECF No. 38);

(2) declared that the DTR Application was a valid borrower defense to repayment application submitted on behalf of all individuals who took out federal student loans to pay for the cost of attendance for students listed in Exhibit 4;

(3) set aside Defendants' constructive denial of the DTR Application for borrower defense relief submitted on behalf of all individuals who took out federal student loans to pay for the cost of attendance for students listed in Exhibit 4;

(4) declared that Plaintiffs had established a right to borrower defense relief for all individuals who took out federal student loans to pay for the cost of attendance for students listed in Exhibit 4;

(5) declared that Plaintiffs are entitled to full loan discharges pursuant to the agency's settled course of adjudication;

(6) remanded this matter to the Secretary to render a reasoned decision not inconsistent with the Order;

(7) ordered the Secretary to issue her reasoned decision within 60 days of the issuance of this Order or such further time allowed by the Court; and

(8) retained jurisdiction of this matter in the event of an appeal from or challenge to the administrative decision ordered by paragraph 6.

*See* ECF No. 58 at 71-73 (footnotes omitted).

The "reasoned decision" mandated by the Order necessarily requires Education to provide full relief to all 7,241 borrowers listed in Exhibit 4 of the DTR Application. The loan discharges, once effectuated, cannot be reversed. Education has until August 24, 2020, to issue its decision.

## ARGUMENT

**Education may succeed on the argument that the decision should have been remanded for a statement of reasons and will face irreparable harm if a stay is not granted.**

Under Fed. R. Civ. P. 62(d): "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for

bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Generally,

> [t]he factors regulating the issuance of a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776-777 (1987); *Buntzman v. Springfield Redevelopment Auth.,* 918 F. Supp. 29, 29-30 (D. Mass. 1995) (partially granting motion to stay despite "extreme tenuosness" of claim to avoid mooting an appeal).

Where, as here, serious legal questions are presented, and "the denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need not show an absolute probability of success in order to be entitled to a stay." *Providence Journal Co. v. Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979); *see Maine v. U.S. Dep't of Interior*, No. CIV. 00–122–B–C, 2001 WL 98373, at *3 (D. Me. Feb. 5, 2001). Here, the scope of the remand order, which dictated the substantive outcome of an agency's evaluation of issues within its jurisdiction, was unusually broad. As the Court itself noted, the "the proper way to handle an agency error in the ordinary circumstance is to remand to the agency for additional investigation or explanation." ECF No. 58 at 62-63 (citing *Boliero v. Holder*, 731 F.3d 32, 38 (1st Cir. 2013)). The issues in this case are complex; indeed, the resolution took 73 pages. *See generally* ECF No. 58. Indeed, at least one district court, when facing a request for the stay of an order directing the return of $246 million in insurance premiums to insurers, conditionally granted a stay in order to preserve the status quo. *In re Worker's Compensation Refund*, 851 F. Supp. 1399, 1401 (D. Minn. 1999) (granting stay where the "question presented in this matter is not wholly without doubt.").

More importantly, however, here the "[f]ailure to grant a stay will entirely destroy appellants' rights to secure meaningful review." *Providence Journal Co.*, 592 F.2d at 890. Once

4

loans are discharged, Defendants will not be able to get the borrowers to re-enter their agreements or agree to be indebted again. And refunds are issued, Defendants cannot get the money back, and the public interest would be harmed because fewer funds would be available for new loans. Indeed, analogous irreparable harm to an appellant has been the basis for stays granted in cases involving application of eligibility requirements for benefits programs or for the disclosure or release of documents or other information. *See MicroStrategy, Inc. v. Business Objects, S.A.*, 661 F. Supp. 2d 548, 557 (E.D. Va. 2009) (staying order dissolving an injunction prohibiting a competitor from using, disclosing or possessing confidential documents); *People for the American Way Found. v. Dep't of Educ.*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007) (granting stay in FOIA case where "failure to grant a stay in the instant case would cause irreparable harm to [Education]"); *Center for Intern. Envtl. Law v. Office of the U.S. Trade Representative*, 240 F. Supp. 2d 21, 22-24 (D.D.C. 2003); *Center for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 217 F. Supp. 2d 58, 58 (D.D.C. 2002) (granting stay of order requiring government to disclose identities of detained individuals); *Schrader v. Idaho Dep't of Health & Welfare*, 590 F. Supp. 554, 560-561 (D. Idaho 1984), *rev'd* on the merits, 768 F.2d 1107 (9th Cir. 1985)).

The harm faced by Appellees if a stay were granted is not as clear. Some borrowers in the class have already paid off their loans; those borrowers are not in default and do not require discharges. Other members of the class have already received substantial relief and have had their debts written off.

## Conclusion

For these reasons, Defendants respectfully request that the Court issue an order staying execution of the Order (ECF No. 58) until the First Circuit resolves any appeal or, if there is no appeal, extending the time by which Defendants must issue their decision by ten business days to **September 7, 2020.**

          Respectfully submitted,

          Elisabeth DeVos, in her official capacity as Secretary of Education, and the United States Department of Education

          By their attorney,

          Andrew E. Lelling
          United States Attorney

          */s/ Annapurna Balakrishna*
          Annapurna Balakrishna
          Assistant United States Attorney
          United States Attorney's Office
          One Courthouse Way, Suite 9200
          Boston, Massachusetts 02210
          Tel.: 617-748-3111
          Email: annapurna.balakrishna@usdoj.gov