# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

DIANA VARA, AMANDA WILSON,
NOEMY SANTIAGO, KENNYA
CABRERA, and INDRANI MANOO,
on behalf of themselves and all others
similarly situated,

            Plaintiffs,

v.

ELISABETH P. DEVOS, in her official
capacity as Secretary of the United States
Department of Education, and THE UNITED
STATES DEPARTMENT OF EDUCATION,
            Defendants.

Civil No. 19-12175-LTS

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR AN ORDER STAYING THE EXECUTION OF THE COURT'S ORDER PENDING APPEAL

Respectfully submitted,

Elisabeth DeVos, in her official capacity as
Secretary of Education, and the United
States Department of Education

By their attorney,

Andrew E. Lelling
United States Attorney


*/s/ Annapurna Balakrishna*
Annapurna Balakrishna
Assistant United States Attorney
United States Attorney's Office
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Tel.: 617-748-3111
Email: annapurna.balakrishna@usdoj.gov

## ARGUMENT

1. **At a minimum, in the event of an appeal,[1] Education is likely to obtain a remand to the agency to address Plaintiffs' borrower defense claims.**

As even the Court recognized in its decision, *see* ECF No. 58 at 62-63, the relief granted here was extraordinary.[2] And contrary to the Court's characterization, *see* ECF No. 58 at 62-68, however, a remand here would not be a futile or idle exercise, especially given that the record did not contain Defendants' reasons for their action regarding the November 30, 2015, submission by the Attorney General's Office (the AGO).

First, the government is likely to succeed in challenging the Court's determination that the only possible relief would be 100% loan forgiveness. In reaching this determination, the Court did not suggest that this result was required by statute or regulation. ECF No. 58 at 67. Instead, the Court identified what it believed to be a "settled course of adjudication" based on internal Education memoranda regarding the relief recommended in several cases and apparently determined that no change in the agency's policy could be permissible. *See* ECF No. 58 at 66-67. But Education can depart from past precedent so long as it explains why. *E.g.*, *Int'l Jr. College*

---

[1] Due to space limitations, Defendants focus on one of the issues that may be raised on appeal.

[2] Once the Court determined that the failure to issue a reasoned decision was arbitrary or capricious, the remedy should have been a remand for those reasons rather than an order that dictated the substantive outcome of that decision. *See Department of Homeland Sec. v. Regents of the Univ. of Calif.*, 140 S. Ct. 1891, 1907-1908 (2020) (Roberts, C.J.) (cleaned up). ("It is a foundational principle of administrative law that judicial review of agency action is limited to the grounds that the agency invoked when it took the action. If those grounds are inadequate, a court may remand for the agency to do one of two things: First, the agency can offer a fuller explanation of the agency's reasoning at the time of the agency action. . . . Alternatively, the agency can deal with the problem afresh by taking new agency action.")

*of Business & Tech., Inc. v. Duncan*, 802 F.3d 99, 113 (1st Cir. 2016) (explaining that Education's departure from prior precedent need only be "supported by a rational basis").

Even assuming the First Circuit agrees that the record shows a "settled course of adjudication," it is likely to agree that the ordinary remand rule applies. In other cases, such as *Thompson v. Barr*, a case cited by both the Court and Plaintiffs, *see* ECF No. 58 at 67, ECF No. 63 at 4, the First Circuit, after concluding that an agency arbitrarily "departed from its settled course of adjudication" without explanation, *remanded* the matter to the agency "to determine whether to reopen . . . proceedings . . . against the correct legal background." 959 F.3d 476, 490 (1st Cir. 2020).

In short, a "course of adjudication" is not a permanent bar on changes in an agency's views or policies. At most, it creates a requirement that an agency provide a reasoned explanation for changes. *See, e.g.*, *Encino Motorcars, LLC* v. *Navarro*, 136 S. Ct. 2117, 2125 (2016) (recognizing that agencies "are free to change their existing policies as long as they provide a reasoned explanation for the change"). Here, the Higher Education Act vests broad authority in the Secretary to decide borrower defense claims and the borrower defense rules for loans disbursed before 2017 have always allowed the Secretary to exercise discretion in determining the appropriate relief. *See* 34 C.F.R. § 685.206(c)(2) (1995); *id.* § 685.222(i)(1) (2020). The agency, over time, has developed and updated a uniform federal methodology for determining relief. *See, e.g.,* ECF No. 33 at 2. The Court's ruling would establish a different rule for this class than what applies elsewhere. The First Circuit may well agree that, in the first instance, the agency should have the opportunity on remand to offer a reasoned explanation for the methodology applied.[3]

---

[3] That an ACI borrower or any other borrower might have been adjudicated under a different approach does not prevent the agency from revising its methodologies. *See Calvillo Manriquez v. DeVos*, 345 F. Supp. 3d 1077, 1103-1104 (N.D. Cal. 2018), appeal pending, No. 18-16375 (9th

**2. The government seeks a stay to prevent irreversible harm, and the scope of the stay may be narrowly tailored to address the harm.**

Plaintiffs suggest that any stay granted by the Court be limited in scope (ECF No. 63 at 13 n.7), and Defendants concur. The problem Education seeks to address is clear: once the agency effectuates loan forgiveness for class members, it has no lawful basis on which it may reinstate their discharged loans (or any portion thereof) or recover refunds on their discharged loans (or any portion thereof). In short, in these circumstances, the loan relief is irreversible, even if the government obtains relief on appeal.[4]

Defendants' motion aims to preserve the government's ability to obtain meaningful relief in the event of a successful appeal. An order that stays only the effect of the court's judgment that Plaintiffs are entitled to full loan forgiveness is sufficient to address this.[5] Under such an order, in the event of an appeal, Defendants will still have to issue a decision by August 24, 2020, that is consistent with the Court's June 25, 2020, order and must take all other steps necessary to comply with the Court's order. Stated differently, the government will be required to carry out the same processes and procedures that would be taken in the absence of any stay, with the exception that the government will not be required to effectuate the final step of final and

_____

Cir.).

[4] No citation is given because no legal authority exists for reinstatement or recovering in these circumstances. Plaintiffs' response does not suggest otherwise.

[5] Declaratory relief without a specific deadline would not normally prompt the filing of a stay motion. But the government is sensitive to the history of this case, the specific nature of the declaration here, and the expectation that effectuation of discharges and refund would follow in due course from a reasoned decision. *Cf. Committee on Judiciary of U.S. House of Reps. v. Miers*, 542 F.3d 909, 910-911 (D.C. Cir. 2008) (per curiam) (granting stay pending appeal of declaratory judgment against government official). If the Court takes the view that no stay is required because the government is not subject to an obligation to irreversibly discharge or refund class members' loans during the pendency of the appeal, then clarification to that effect, in lieu of a stay, would resolve the government's motion.

4

irreversible discharges and refunds until any appeals process is complete.

The normal processes and procedures that Education would carry out to effectuate the court's judgment provide important protections to class members. The first step, identifying all class members as such, ensures that their Corinthian-related loans held by the federal government are placed into forbearance status or, if in default, into stopped collections status (i.e., no debt collections on federal student loans). *See* Common Questions and Answers, https://studentaid.gov/manage-loans/forgiveness-cancellation/borrower-defense. In addition, class members then are not subject to the accrual of interest because the Attorney General's request on their behalf has been pending for more than one year. *See id.* For commercially held FFEL Program loans, Education lacks authority to effectuate relief directly, but requests relief on the borrower's behalf. *See id*. And because Education lacks authority to effectuate relief for loans it does not hold, the forthcoming agency decision of August 24 will provide borrowers with commercially held FFEL Program loans with the necessary information regarding loan consolidation, to allow the government to provide them with all available relief.

It is not the government's objective to have Plaintiffs continue to repay loans, face collections, or accrue interest during the pendency of any appeal. A stay tailored to address only the effect of the Court's judgment insofar as it would require final irreversible discharges and refunds is in the public interest and balances equitable concerns. The government respectfully request that the Court enter such an order.